**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **LUKE CRANOR**, individually<br>and on behalf of similarly situated persons, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. _____ |
| v. | ) <br> ) | **JURY DEMANDED** |
| **DUNHAM ATHLEISURE CORP.**<br>**d/b/a DUNMHAM'S SPORTS,** | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

_____

## CLASS ACTION COMPLAINT

Plaintiff Luke Cranor brings this action on behalf of himself and all others similarly situated against Defendant Dunham Athleisure Corporation d/b/a Dunham's Sports ("Defendant"), and states and alleges as follows:

### INTRODUCTION

1.      This is a class action regarding Defendant's false and misleading advertisement of "Manufacturer's Suggested Retail Price" or "MSRP" prices, "Suggested Retail Price," original price, and/or previous sale price, and corresponding phantom "savings" on sporting goods sold in Defendant's retail stores. During the Class Period (defined below), Defendant has advertised false price discounts in its retail stores in Missouri and across the country.

2.      During the Class Period, Defendant continually engaged in this unfair and unlawful business practice by advertising its sporting goods at discounted, "sale" prices.

Defendant compares the "sale" prices to false "Manufacturer's Suggested Retail Price" or "MSRP" prices, "Suggested Retail Price," an "original price," and/or a previous "sale price" (collectively, "Original Price") from which the "savings" are discounted. The Original Price values are set forth on price tags which are affixed to items sold in Defendant's retail stores. The advertised discounts, however, are nothing more than phantom markdowns because the represented Original Prices are artificially inflated, are not the original prices for the sporting goods sold at Defendant's stores, and are not the prevailing market retail prices.

3. Defendant operates approximately 229 stores in the United States. Defendant conveys its deceptive pricing scheme through in-store displays, as well as promotional materials and print advertisements. For example, in Defendant's retail stores, the pricing scheme is prominently displayed, advertising deep and varying discounts on items throughout the store.

4. The Original Price is complete fiction. The difference between the "sale" and Original Price is a false savings percentage designed to lure consumers into purchasing products they believe are significantly discounted.

5. Defendant has engaged in an unfair and unlawful business practice by offering its products at substantial discounts from false, inflated Original Prices. This false discounting practice is prevalent throughout Defendant's retail stores.

6. Through its false and misleading marketing, advertising, and pricing scheme, Defendant violated, and continues to violate, the Missouri Merchandising

Pricing Act, R.S. Mo. § 407.010 *et seq* ("MMPA") and the consumer protection laws and common law of the other states in which it operates.

7.      Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased one or more sporting goods at Defendant's retail stores that were deceptively represented as discounted from false former prices in order to halt the dissemination of this false, misleading, and deceptive price scheme, and to obtain redress for those who have purchased these products tainted by this scheme. Plaintiff seeks to permanently enjoin Defendant from using false and misleading claims regarding retail price comparisons in its future packaging, labeling, and advertising. Plaintiff also seeks to recover damages, restitution, and other appropriate relief in the amount by which Defendant was unjustly enriched as a result of sporting goods sales offered at a false discount. Plaintiff further seeks to recover punitive damages in an amount that is fair and reasonable but will deter Defendant and others from this type of conduct in the future. Finally, Plaintiff seeks to recover reasonable costs and attorneys' fees.

### PARTIES

8.      Plaintiff Luke Cranor resides in Joplin, Missouri.

9.      Defendant Dunham Athleisure Corporation d/b/a Dunham's Sports is a Delaware corporation with its principal place of business in Troy, Michigan. It was formerly known as Dunham's Bait & Tackle.

10.     Defendant operates approximately 229 sporting goods stores across the country, including four in Missouri.

11. Plaintiff purchased sporting goods from Defendant at its store in Joplin, Missouri on a number of occasions during the Class Period, including the following transactions:

a. On or about November 24, 2016, Mr. Cranor purchased a Bushmaster Firearms rifle described as "QRC CARBINE", SKU number 002126548, for $569.99, and two "M193 AMMO CA", SKU number 001154145, for $44.99. The receipt states "Discounted Price: THANKSGIVING DAY" for all three items. The sales tag for the rifle listed the Original Price as $769.99 and "Store Special" as $749.99, but the item was being sold for $569.99.

b. On or about June 2, 2017, Mr. Cranor Mr. Cranor purchased a .22 caliber air rifle described as "TITAN NP .22 AIR R", SKU number 000689299, for $119.99, and a ".22 PELLET ASST -", SKU number 000689448 for $11.99.

c. On or about January 17, 2018, Mr. Cranor purchased a "LS STAND COLLAR JA", SKU number 002267607, for $26.97. The sales tag for the item listed the Original Price as $118.00, but it was being sold for $26.97.

d. On or about January 21, 2018, Mr. Cranor purchased a girls Marika fleece described as "GRL SANDED DRYW 15", SKU number 003093325, for $11.24. The sales tag for the item listed the MSRP at $28.00 and the Original Price "STORE SPECIAL" as $14.99, but it was being sold for $11.24.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1), and 1367. Further, Plaintiff seeks damages in excess of $75,000.00.

13.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

14.     Defendant operates a chain of approximately 229 retail stores in the United States.

15.     Defendant's stores are located in: Missouri (4 stores); Alabama (1 store), Georgia (1 store), Illinois (7 stores), Indiana (20 stores), Iowa (4 stores), Kansas (1 store), Kentucky (6 stores), Maryland (1 store), Michigan (72 stores), Minnesota (11 stores), Nebraska (1 store), New York (1 store), North Carolina (11 stores), North Dakota (1 store), Ohio (25 stores), Oklahoma (1 store), Pennsylvania (26 stores), South Dakota (4 stores), Tennessee (6 stores), West Virginia (4 stores), and Wisconsin (21 stores).

16.     Defendant sells men's, women's, team/fan, and youth apparel; electronics; fitness equipment, such as activity bands and heart rate monitors, boxing/MMA products, ellipticals, exercise bikes, steppers, toning products/accessories, treadmills, weight training equipment, and wellness equipment; men's, women's, and youth footwear, as well as socks/accessories; and indoor and outdoor games, and toys for sale. The company also sells outdoor products, such as air-soft/soft air guns, BB/pellet guns, camping/hiking products, fishing equipment, hunting/archery equipment, paintballs, and water sports equipment; and travel and accessories, including backpacks and duffels, blankets and throws, and scooters for sale. It offers products for various sports, including baseball/softball, basketball, bicycling, bowling, boxing/MMA, football, golf, ice hockey/skating, running/X-training, soccer, swimming, tennis/racquet, volleyball, and

more. Throughout this Complaint, this merchandise is collectively referred to as "sporting goods."

17.     Defendant has continually advertised its sporting goods at falsely discounted, "sale" prices. Defendant compares the "sale" price to false Original Prices, from which "savings" are discounted.  The Original Price tags are affixed to items sold in Defendant's retail stores. *See* Exhibit A, example of Original Prices and corresponding false sale discounts in Defendant's retail stores.

18.     The advertised discounts are nothing more than phantom markdowns because Defendant's represented Original Prices are artificially inflated and are not the original prices for sporting goods sold at its retail stores. The Original Prices are also not the prevailing market retail prices within 12 months preceding the publication of the advertised former prices or discounted prices.

19.     Defendant routinely markets and advertises steep percentage off discounts taken from Original Prices for which the sporting goods have never been sold.

20.     Defendant's sporting goods are marked with price tags which set forth the product's "sale" price while displaying the Original Price.

21.     Reasonable consumers, including Plaintiff, expect that advertised discounts are taken from actual, regular, market prices, not fake, made-up prices. This form of discounting is prohibited by Missouri state law, as well as consumer protection statutes across the country.

22.     Plaintiffs and Class members purchased sporting goods that Defendant falsely discounted in violation of the law and, as a result, suffered economic damages.

23.     By failing to price its sporting goods at real prices for a reasonable period of time and then discounting them, Defendant artificially inflates the "market" price and/or value for sporting goods it sells.

24.     The false price discount employed by Defendant creates an artificial demand for its sporting goods because they appear to be significantly discounted.

25.     Defendant knows that its comparative price advertising is false, deceptive, misleading, and unlawful.

26.     Defendant fraudulently concealed, and intentionally failed to disclose, the truth about its advertised and former prices to Plaintiff and Class members.

27.     At all relevant times, Defendant has been under a duty to Plaintiff and the Class to disclose the truth about its false discounts.

28.     Defendant intentionally concealed and failed to disclose material facts regarding the truth about false former or future price advertising in order to boost sales.

**CLASS ALLEGATIONS**

29.     Plaintiff brings this action individually and as a Class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Missouri residents (the "Missouri Class"):

> All persons residing in the State of Missouri who purchased one or more items from Defendant offered at a purported discount from an inflated price any time between the date in which the statute of limitations began to run to present ("The Class Period").

30.     Excluded from the Class are: (1) the Judge to whom this case is assigned, members of his/her immediate family, and employees of the Court; (2) all persons who

make a timely election to be excluded from the Class; (3) Defendant, as well as its officers, employees, agents or affiliates and (4) the law firms representing the parties in this action and the immediate family of counsel of record.

31.     Plaintiff also brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, seeking certification of the following Class (the "Nationwide Class"):

> All persons who purchased one or more items from Defendant offered at a purported discount from an inflated price any time between the date in which the statute of limitations began to run to present ("The Class Period").

32.     Plaintiff reserves the right to expand, limit, modify, or amend this Class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

33.     Plaintiff's claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

34.     ***Numerosity***: The Classes sought satisfy the numerosity standard as they consists of at least 100 persons, and in fact, thousands upon thousands more, who are geographically dispersed across the State of Missouri and/or the United States. Accordingly, joinder of all Class members in a single action is impracticable.

35. ***Existence and Predominance of Common Questions of Law and Fact:*** Questions of fact and law common to the Class predominate over any questions affecting only individual members. These questions include, but are not limited to:

a. Whether, during the Class Period, Defendant used false inflated prices as Original Prices and falsely advertised price discounts on the merchandise sold in its retail stores;

b. Whether, during the Class Period, the Original Prices advertised by Defendant were the prevailing market prices for the respective merchandise during the 12 months preceding the dissemination and/or publication of the advertised former prices;

c. Whether Defendant's alleged conduct violates the law;

d. Whether Defendant's engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

e. Whether Defendant engaged in false and/or misleading advertising;

f. Whether Plaintiff and Class members are entitled to damages and/or restitution; and

g. Whether an injunction is necessary to prevent Defendant from continuing to use false, misleading, and/or illegal price comparison.

36. ***Typicality***: Plaintiff is a member of the Classes and his interests do not conflict with the interests of the members of the Classes he seeks to represent.

37. ***Adequacy***: Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

38.    *Superiority*: The nature of this action and the nature of laws available to Plaintiff and the Classes make the use of the class action format a particularly efficient and appropriate procedure to afford relief to them and the Classes for the wrongs alleged. The damages or other financial detriment suffered by individual Class members are modest compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent a class action, Class members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendant would be permitted to retain the proceeds of its fraudulent and deceptive misdeeds.

39.    Defendant keeps extensive computerized records of its customers through, inter alia, customer loyalty programs, co-branded credit cards, general marketing programs, and receipts. Defendant has one or more databases through which Class members may be identified and ascertained, and it maintains contact information, including email and home addresses, through which notice of this action could be disseminated in accordance with due process requirements.

**FIRST CAUSE OF ACTION**
**Violation of the Missouri Merchandising Practices Act,**
**R.S. Mo. § 407.010, *et seq*., on Behalf of the Missouri Class**

40.    Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

41.    The MMPA provides that:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce… in or from the state of Missouri, is declared to be an unlawful practice. R.S. Mo. § 407.020(1).

42.    Defendant advertises and sells merchandise.

43.    Defendant's sporting goods constitute "merchandise" under the MMPA, which broadly defines the term to include "any objects, wares, goods, commodities, intangibles, real estate or services." R.S. Mo. § 407.010(4) (2010).

44.    Defendant's tags, in-store displays, promotional materials and print advertisements constitute "advertisements" under the MMPA, which broadly defines the term as "the attempt by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any merchandise." R.S. Mo. § 407.010(1) (2010).

45.    Defendant advertises and sells to consumers in trade and commerce.

46.    The MMPA permits any person who purchases merchandise for personal, family, or household purposes and suffers an ascertainable loss of money as a result to bring a civil suit for actual damages, punitive damages, attorneys' fees, and/or such other equitable relief as the Court may order. R.S. Mo. § 407.025.1 (2010).

47.    The MMPA allows such persons to bring a class action lawsuit on behalf of similarly aggrieved Class members. R.S. Mo. § 407.025.2 (2010).

48.    Pursuant to Mo. Code Regs. Ann. 15, § 60-8.020 – Unfair Practice in General, "An unfair Practice is any practice which – (A) either (1) offends any public

policy as it has been established by the…statutes or common law of this state or (2) is unethical, oppressive or unscrupulous; AND (B) Presents a risk of, or causes, substantial injury to consumers."

49.     Pursuant to Mo. Code Regs. Ann. 15, § 60.8.090 – Illegal Conduct, "it is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which – (A) violates state or federal law intended to protect the public; and (B) Presents a risk of, or causes substantial injury to consumers."

50.     Pursuant to Mo. Code Regs. Ann. 15, § 60-7.020,"[a] seller shall not make a representation or statement of fact in an advertisement that is false or has the capacity to mislead prospective purchasers."

51.     Pursuant to Mo. Code Regs. Ann. 15, § 60-7.030, "[a] seller shall not omit any material fact in an advertisement."

52.     Mo. Code Regs. Ann. 15, § 60-7.060 deals specifically with price comparisons and savings claims. Among other things, it provides that a seller like Defendant shall not:

        a.     Make a price comparison to a former price, unless the price is "actual, bona fide and not illusory or fictitious" (subsection (2)(B), *et seq*.);

        b.     Make any price comparison to a former price that is not based on the price in effect immediately before the reduction unless it clearly discloses that intermediate reductions were made (subsection (2)(C)); or

c.      Make any price comparison to a manufacturer's list price, suggested retail price, or other similar comparisons unless (i) the price is the price at which the item is offered by a substantial number of sellers in the area, (ii) the price is a seller's bona fide former price; or (iii) the seller uses its best efforts and is unable to ascertain the list price or suggested retail price at which the item is offered by a substantial number of sellers in the area (subsection (6)(A), *et seq*).

53.      The acts and practices engaged in by Defendant, described herein, constitute unlawful, unfair, and/or fraudulent business practices in violation of the MMPA and its regulations.

54.      Defendant's routine of advertising discounted prices from false Original Prices associated with its sporting goods, which were not the true prevailing prices of those products, was an unfair practice.

55.      Plaintiff and Class members purchased sporting goods from Defendant, who used false price discounts, as explained above, in violation of the MMPA and as a result Plaintiff and the Class suffered economic damage in that the product they and other Class members purchased was worth less than the product they thought they had purchased had Defendant's pricing discounts been true.

56.      As such, Plaintiff requests that this Court order Defendant to repay its ill-gotten gains to Plaintiff and all Missouri Class members, and to enjoin Defendant from continuing these unfair practices in violation of the MMPA in the future. Otherwise, Plaintiff, Missouri Class members, and the general public will be irreparably harmed and/or denied an effective and complete remedy.

## SECOND CAUSE OF ACTION
### Unjust Enrichment on Behalf of the Classes,
### Or in the Alternative, on Behalf of the Missouri Class

57.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

58.     Plaintiff brings this claim individually, as well as on behalf of members of both Classes, under the common law. Although there are numerous permutations of the elements of an unjust enrichment claim in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – Defendant received a benefit from Plaintiff and members of the Classes, and it would be inequitable for Defendant to retain that benefit without compensating the members of the Classes.  The focus of the inquiry is the same in each state. Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which Class members will be drawn, Missouri law applies to the claims of the Classes.

59.     In the alternative, Plaintiff brings this claim individually, as well as on behalf of a Missouri Class.

60.     At all times relevant hereto, Defendant deceptively priced, marketed, advertised, and sold sporting goods to Plaintiff and the Classes.

61.     Plaintiff and members of the Classes conferred upon Defendant non-gratuitous payments for merchandise that they would not have if not for Defendant's

deceptive pricing, advertising, and marketing scheme. Defendant accepted or retained the non-gratuitous benefits conferred by Plaintiff and members of the Classes, with full knowledge and awareness that, as a result of Defendant's deception, Plaintiff and members of the Classes were not receiving a product of the quality, nature, fitness or value that had been represented by Defendant.

62.     Defendant has been unjustly enriched in retaining the revenues derived from purchases of merchandise by Plaintiff and members of the Classes, which retention under these circumstances is unjust and inequitable because Defendant misrepresented, among other things, that its sporting goods were being offered at a significant discount from a fake price, which caused injuries to Plaintiff and members of the Classes because they paid for, and/or paid a premium based on the misleading pricing and advertising.

63.     Retaining the non-gratuitous benefits conferred upon Defendant by Plaintiff and members of the Classes under these circumstances make Defendant's retention of the non-gratuitous benefits unjust and inequitable. Thus, Defendant must pay restitution to Plaintiff and members of the Classes for unjust enrichment, as ordered by the Court.

### THIRD CAUSE OF ACTION
**Violation of the Consumer Protection Laws on Behalf of
Classes in States with Similar Laws**

64.     Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

65.     Plaintiff brings this Count individually and on behalf of all other persons who have purchased merchandise in states having similar laws regarding consumer fraud and deceptive trade practices.

66.     Plaintiff and each of the other members of the Classes are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they purchased sporting goods from Defendant.

67.     The consumer protection laws of the states in which Plaintiff and the other members of the Classes purchased Defendant's merchandise declare that unfair or deceptive acts or practices, in the conduct of trade or commerce, are unlawful.

68.     All 22 states where Defendant has retail stores have enacted statutes and laws designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade, business practices, and false advertising that allow consumers to bring private claims. These laws are found at:

        a.     Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, et seq;

        b.     Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, et seq;

        c.     Indiana Trade Regulations; Consumer Sales and Credit, Ind. Code Ann. § 24-5-0.5-0.1, et seq;

        d.     Iowa Consumer Frauds, Iowa Code Ann. § 714.16;

        e.     Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/1, et seq;

        f.     Kansas Consumer Protection Act, Kan. Stat. Ann § 50 626, et seq.;

        g.     Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, et seq, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann. § 365.020, et seq;

h.      Maryland Consumer Protection Act, Md. Code Ann. §13-101, et seq;

i.      Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, et seq;

j.      Minnesota Prevention of Consumer Fraud Act, Minn. Stat. Ann. § 325F.68 et seq, and Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, et seq;

k.      Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq

l.      Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, et seq;

m.      New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349, et seq;

n.      North Carolina Monopolies, Trusts and Consumer Protection, N.C. Gen. Stat. §75-1.1, et seq;

o.      North Dakota Consumer Fraud Act, N.D. Cent. Code § 51 15 01, et seq.;

p.      Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02 and 1345.03; Ohio Admin. Code § 109:4-3-02, 109:4-3-03, and 109:4-3-10;

q.      Oklahoma Consumer Protection Act, Okla. Stat. tit. 15 § 751, et seq.;

r.    Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73 P.S. §§ 201-1, et seq;

s.    South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, et seq;

t.    Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq;

u.    West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, et seq; and

v.    Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, et seq.

69.    Defendant's sporting goods constitute products which these consumer protection laws apply.

70.    In the conduct of trade or commerce regarding the pricing, advertising, marketing, and sale of its sporting goods, Defendant engaged in one or more unfair or deceptive acts or practices, including but not limited to, representing to Plaintiff and Class members by means of the pricing and advertising of its merchandise that it was, among other things, being offered at a discount, as described herein.

71.    Defendant's representations and omissions were false, untrue, misleading, deceptive, and/or likely to deceive.

72.    Defendant knew, or should have known, that its representations and omissions were false, untrue misleading, deceptive, and/or likely to deceive.

73.     Defendant used or employed such deceptive and unlawful acts or practices with          the intent that Plaintiff and members of the Classes rely thereon.

74.     Plaintiff and the other members of the Classes purchased merchandise sold by Defendant that misrepresented the magnitude of the price discounts offered for the merchandise.

75.     As a result of Defendant's conduct, Plaintiff and the other members of the Classes sustained damages in amounts to be proven at trial.

76.     Defendant's conduct showed complete indifference to, or conscious disregard for, the rights of others such that an award of punitive and/or statutory damages are appropriate under the consumer protection laws of those states that permit such damages to be sought and recovered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other Class members, requests that this Court award relief against Defendant as follows:

a.     An order certifying the class and designating Mr. Cranor as the Class Representative and his counsel as Class Counsel;

b.     Awarding Plaintiff and the proposed Class members damages, including punitive damages;

c.     Awarding restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and/or fraudulent business practices described herein;

d. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its misconduct and pay them all money they are required to pay;

e. Ordering Defendant to engage in a corrective advertising campaign;

f. Awarding attorneys' fees and costs; and

g. For such other and further relief as the Court may deem necessary or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial for all the claims so triable.

Respectfully submitted,

/s/ A. Scott Waddell
A. Scott Waddell, MO #53900
**Waddell Law Firm LLC**
2600 Grand Blvd., Suite 580
Kansas City, Missouri 64108
T: 816-914-5365
F: 816-817-8500
scott@aswlawfirm.com

and

Jack D. McInnes, MO #56904
Joann Woltman, MO # 60155
**MCINNES LAW LLC**
3500 West 75th Street, Suite 200
Prairie Village, KS 66208
(913) 220-2488
(913) 273-1671 FAX
jack@mcinnes-law.com
joann@mcinnes-law.com

**ATTORNEYS FOR PLAINTIFF**